B. T. KING *et al.*, Respondents, v. INSURANCE COMPANY
OF NORTH AMERICA, Appellant.

St. Louis Court of Appeals, April 29, 1889.

Insurance: COMPROMISE ON LOSS. The facts of this case, including
the compromise settlement, are substantially identical with those
in *King v. Ætna Insurance Co., ante,* p. 128, with a slight differ-
ence in the language of the receipt given by the plaintiffs to the
defendant. That paper, in the present case, did not recite that the
policy was surrendered and cancelled "in compromise settlement."
The effective words used were, however, equally potent in execu-
tion of the agreement previously made, and as an estoppel against
the plaintiffs from maintaining this action, and the result here
must be the same.

*Appeal from the Greene Circuit Court.*—HON. W. D.
HUBBARD, Judge.

REVERSED.

*Goode & Cravens*, for the appellants.

The cases should be reversed because there was no
substantial evidence showing a right to recover in plain-
tiffs. *Pollack v. Hannauer*, 26 Mo. App. 260; *Moore v.
Hutchinson*, 69 Mo. 429 ; *Schenck v. Sauter*, 73 Mo. 76 ;
*Hipsley v. Railroad*, 88 Mo. 348 ; *Powell v. Railroad*,
76 Mo. 80 ; *Lenix v. Railroad*, 76 Mo. 86 ; *Schulte v.
Railroad*, 5 Mo. App. 576 ; *Spohn v. Railroad*, 87 Mo.
74. When the decision on a question of fact is clearly
erroneous the appellate court will reverse. *Davis v.
Fox*, 59 Mo. 125 ; *Cornet v. Bertelsman*, 61 Mo. 118 ;
*Landis v. Hamilton*, 77 Mo. 554. The two declarations
set out as having been given at the request of the
plaintiffs have no support in the evidence adduced.
There is nothing to prove that the contract between

plaintiffs and defendants was that plaintiffs would deduct two per cent. in consideration of immediate payment without question, but that the liability on the policies was to stand until such payment was made. The contemporaneous exposition of the contract with the companies, shown by the acts of King in taking out the new insurance, saying he had no insurance, and declaring that he did not consider the old policies liable, in suing on the new ones for the full amount of the second loss, all bring out, in the strongest possible relief, his own conviction of what the agreement was immediately after it was made. Courts will not give a meaning to a contract repugnant to that which the acts of the parties have given to it. *Goldman v. Wolff*, 6 Mo. App. 490; *Dobbins v. Edmonds*, 18 Mo. App. 307; *Gas-Light Co. v. City of St. Louis*, 46 Mo. 121; *Patterson v. Camden*, 25 Mo. 13. The fourth, fifth and sixth declarations asked by the defendants seem to have been refused on the ground that they were only receipts and as such open to explanation: But as a matter of fact they were more than receipts. They were agreements as well. They read, "In consideration of which said policy is hereby cancelled and surrendered." They also purport to be in full release of all liability under it. The consideration for them was ample, because the companies did not have to pay, by the terms of their policies, until sixty days after receipt of proofs of loss. It was only then that the money was due to plaintiffs. Certainly it was a consideration to support a contract for the termination of liability on the policies, and a discount of two per cent. that the companies would pay forthwith and without question. Parties are bound by contracts entered into by them in the absence of fraud. *Brown v. Railroad*, 18 Mo. App. 568; *Moore v. Henry*, 18 Mo. App. 35; *O'Bryan v. Kinney*, 74 Mo. 125; *Railroad v. Cleary*, 77 Mo. 634. When a receipt, besides acknowledging payment, also constitutes and imports a contract, it can no more be varied by parol than any other

written agreement. *Carpenter v. Jamison*, 6 Mo. App.
216. The release given to the Ætna recites that the
contract was made in compromise settlement. As King
swears the same contract was made all around, then they
were all in compromise settlement. Such agreements in
the absence of fraud are always upheld by the courts.
*Draper v. Owsley*, 15 Mo. 613 ; *Steele v. White*, 2 Paige,
478 ; *Adams v. Sage*, 28 N. Y. 3.

*Boyd & Delaney*, for the respondent.

The trial court, sitting as a jury, found the contract
to be as contended by King, and there is strong circum-
stantial evidence to sustain the verdict, and this court
will not weigh the evidence, nor reverse the case simply
because the judgment appears to be against the weight
of the evidence. *Price v. Evans*, 49 Mo. 396 ; *Rea v.
Ferguson*, 72 Mo. 225 ; *Myer v. McCabe*, 73 Mo. 236 ;
*Gibson v. Railroad*, 8 Mo. App. 486 ; *Bank v. York*, 89
Mo. 359 ; *Brown v. Railroad*, 50 Mo. 461 ; *Johnson v.
Building Co.*, 23 Mo. App. 546 ; *Hulburt v. Jenkins*,
22 Mo. App. 572. The court found the agreement to be
that the policies should be cancelled only when payment
was made. Payment was not made or tendered until
after second loss. Therefore liability attached for
second loss, and before any agreement on the part of
plaintiff releasing said companies from the second loss
is binding, there must be a consideration to sustain it.
There was no such consideration, and the alleged releases
do not purport to cover second loss, and the testimony
proves that the money paid was the adjustment of the
first loss, less two per cent. *Ins. Co. v. Kelly*,
24 Ohio St. 345 ; *Runkle v. Ins. Co.*, 6 Fed. Rep. 148 ;
*Bank v. Hazard*, 13 Johns. 353 ; 2 Pars. Cont., p. 618.
The surrender and cancellation of the policy after loss
do not destroy liability. 1 Wood Ins., sec. 113 ;
*Hollingsworth v. Ins. Co.*, 15 Ga. 294 ; *Van Valkenburg
v. Ins. Co.*, 51 N. Y. 465 ; *Ins. Co. v. Stone*, 3 Allen,

385. The acceptance of return premium and surrender of the policy after a loss do not release the insurers, even though both parties knew of the loss ; for from the time of the loss the insurer became an absolute debtor for the sum lost to the extent of the sum insured, from which liability he could not discharge himself by part payment. 1 Wood Ins., sec. 113, p. 291 ; *Van Valkenburg v. Ins. Co.*, 51 N. Y. 465. Action brought to recover the amount of a policy of insurance for fifteen hundred dollars—five hundred dollars on dwelling house; six hundred dollars on barn ; four hundred dollars on produce therein. The barn and its contents were destroyed by fire. Defendant did not dispute the liability of four hundred dollars on produce and received a writing declaring that it was received in full satisfaction for the loss, and " cancelling fifteen hundred dollars on said policy. " The court held that the payment formed no consideration for the discharge of the defendant from liability as to the barn. *Redfield v. Purchase Co.*, 56 N. Y. 358, spoken of in 1 Wood Ins., sec. 132. The surrender, cancellation and release are no more than a receipt, but if it is a contract, as claimed by appellants in their brief, it is not a contract under seal, a technical release, and must therefore have a consideration to sustain it. The two fires were distinct, the losses were distinct, and the receipt of payment for one is only a receipt of part payment and does not satisfy the other.

THOMPSON, J., delivered the opinion of the court.

The facts in this case are the same as those in the case of the same plaintiffs against the Ætna Insurance Company, *ante*, p. 128, just decided, with the exception that the instrument of writing which was given by the plaintiffs to the defendant on executing the settlement, and surrendering the policy here sued on, ran in somewhat different language. It was written across the face of the policy, and was as follows :

VOL. 36—10

"$717.00.  INSURANCE COMPANY NORTH AMERICA, ⎫
           " OF PHILADELPHIA, PA.,           ⎬
    " SPRINGFIELD, MO., March 22, 1886.      ⎭

" Received of the Insurance Company of North America, of Philadelphia, Pennsylvania, through J. N. Coady, State Agent, the sum of seven hundred and seventeen dollars, being the full satisfaction of all claims for loss or damage by fire which occurred on the sixth day of March, 1886, to the property insured, under policy number 145, issued at Springfield, Missouri, agency of said company ; in consideration of which the said policy is hereby surrendered and all liabilities thereunder discharged.

" Amount of claim...................$717 00
" Interest...................... .......  14 34
                                        _____
" Draft............................$702 66
"( Signed),              B. T. KING, Agent for
" B. T. KING & Co., the assured by said policy."

It will be observed that the substantial difference between the language of this receipt and that given in the case of the Ætna Insurance Company consists in the fact that this receipt does not recite that the policy is surrendered and cancelled, " *in compromise settlement.*" But we think that the absence of this recital cannot affect the result.  The evidence shows that the agreements were the same between the plaintiffs and all of the twelve companies liable for the loss ; and this paper and the admitted fact of the surrender of the policy for cancellation at the time when it was given must be taken as an execution by the parties to the agreement previously made, and as an estoppel against the plaintiff from maintaining this action.

The judgment is reversed and the cause not remanded.  All the judges concur.